STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                                                                   SUPERIOR COURT DIVISION
GUILFORD COUNTY                                    22 CVS 1234

**FILED** 2022 DEC 21 P 3:38
GUILFORD COUNTY, C.S.C.
BY: _____

GUY M. TURNER, INCORPORATED
and CHRISLYNN LLC,

             Plaintiffs,

vs.

CERTAIN MEMBERS OF LLOYD'S OF
LONDON SYNDICATES
UNDERWRITING AND SUBSCRIBING
TO POLICY NUMBER AMR68442,
SUCH MEMBERS INCLUDING
NEPHILA 2357 LTD.; INDIAN HARBOR
INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; QBE
SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
UNITED SPECIALTY INSURANCE
COMPANY; GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA;
HDI GLOBAL SPECIALTY SE, f/k/a
INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE; OLD
REPUBLIC UNION INSURANCE
COMPANY; and SAFETY SPECIALTY
INSURANCE COMPANY,

             Defendants.

**COMPLAINT**

Plaintiffs, Guy M. Turner Incorporated and Chrislynn LLC, through counsel, complain of Defendants, as follows:

### PARTIES AND JURISDICTION

1.       Plaintiff Guy M. Turner, Incorporated ("GMT") is a corporation organized and existing under the laws of the State of North Carolina, maintaining its offices and principal place of business in Guilford County, North Carolina.

2. Plaintiff Chrislynn LLC ("Chrislynn") is a limited liability company organized and ₅sting under the laws of the State of North Carolina, maintaining its principal place of business in Guilford County, North Carolina.

3. Upon information and belief, Defendant Nephila 2357 Ltd. is a foreign corporation or entity and is a Lloyd's of London syndicate member underwriting, subscribing, and insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as AMR-68442.

4. Upon information and belief, Defendant Indian Harbor Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as AMP7537321-00.

5. Upon information and belief, Defendant Lexington Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as LEX-037040781-00.

6. Upon information and belief, Defendant QBE Specialty Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as MSP-28920.

7. Upon information and belief, Defendant Steadfast Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as CPP0287606-00.

8. Upon information and belief, Defendant United Specialty Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as USI-25919-00.

9. Upon information and belief, Defendant General Security Indemnity Company of Arizona is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as 10T029659-12691-19-00.

10. Upon information and belief, Defendant HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE, is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as HAN-23272-00.

11. Upon information and belief, Defendant Old Republic Union Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as ORAMPR008158-00.

12. Upon information and belief, Defendant Safety Specialty Insurance Company is a foreign insurance company insuring GMT and its affiliated and subsidiary companies pursuant to that certain certificate or policy of insurance designated as SSI-17166-00.

13. Together, Defendants, through the above-described certificates or policies of insurance (collectively, the "Insurance Contracts") and in consideration for the payment of a substantial premium, insured GMT's property and the property of its affiliated and subsidiary companies as described in the Insurance Contracts, including that certain property commonly known and improvements known as 4517 S. Holden Road, Greensboro, Guilford County, North Carolina (the "Subject Property").

14. Defendants are therefore transacting business in and maintain at least minimum contacts with the State of North Carolina.

15. This Court therefore has jurisdiction over the parties, and venue is proper.

## FACTUAL ALLEGATIONS

16. At all times material to this Complaint, Chrislynn owned and continues to own the Subject Property.

17. At all times material to this Complaint, GMT leased and continues to lease the Subject Property as GMT's trailer service and repair shop.

18. Chrislynn and GMT are both "insureds" under the terms of the Insurance Contracts and were at all times material to this Complaint.

19. On or about December 24, 2019, and while the Insurance Contracts were in force and effect, a fire substantially damaged the building and other improvements located at the Subject Property.

20. The building and other improvements located at the Subject Property that were damaged by the fire constitute "covered property" under the terms of Insurance Contracts, which by their terms insured the Subject Property and improvements on a replacement cost basis.

21. Plaintiffs timely submitted to Defendants notice of loss or damage to the covered property.

22. Thereafter, Plaintiffs notified Defendants and undertook replacement of the damage to the improvements at the Subject Property as provided by the terms of the Insurance Contracts.

23. Plaintiffs, acting through GMT, have submitted to Defendants through Defendants' Claim Administrator, Sedgewick Delegated Authority, claims for reimbursement for costs incurred by GMT to replace the covered property damaged by the fire.

24. Plaintiffs have performed, fulfilled, and satisfied all conditions for reimbursement of the costs incurred by GMT to replace the covered property damaged by the fire and in all

...ts have satisfied all conditions precedent for the reimbursement of those costs as provided / the terms of Insurance Contracts.

## CLAIM FOR RELIEF
### (Breach of Contract)

25. Plaintiffs adopt by reference and incorporates in this Claim for Relief the preceding allegations of this Complaint.

26. Defendants have reimbursed GMT for a portion of the costs incurred by GMT, but Defendants have failed to fully reimburse Plaintiffs as required and provided by the terms of the Insurance Contracts.

27. Defendants' failure, neglect, and refusal to reimburse Plaintiffs for such costs in accordance with the terms of the Insurance Contracts constitutes a breach of contract which has damaged Plaintiffs.

28. Plaintiffs are therefore entitled to a judgment against Defendants in an amount exceeding the sum of $25,000.00, to be determined at the trial of this action, plus reasonable attorney's fees, interest, and costs as provided by law.

WHEREFORE, Plaintiffs Guy M. Turner Incorporated and Chrislynn LLC pray to the Court as follows:

1. For a judgment against Defendants in an amount exceeding the sum of $25,000.00, to be determined at the trial of this action, plus prejudgment and post-judgment interest as provided by law;

2. That the costs of this action, including Plaintiffs' reasonable attorney's fees, be taxed to Defendants;

3. That all issues of fact arising in this action be tried by a jury; and

Case 1:23-cv-00065-TDS-JLW   Document 12   Filed 01/20/23   Page 5 of 6

4. For such other and further relief as the Court deems just and proper.

This the 21st day of December, 2022.

                                                    Andrew S. Lasine
                                                    State Bar No. 10966
                                                    *(Attorney for Plaintiff)*

OF COUNSEL:

KEZIAH GATES LLP
P.O. Box 2608
High Point, NC 27261
Telephone: (336) 889-6900
Facsimiles: (336) 889-7055
Email: sam@keziahgates.com